Filed 1/26/22  P. v. Saravia CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B312100 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA206053) |
| v. | |
| CARLOS SARAVIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lynne Hobbs, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, Jr. and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Carlos Saravia, found guilty by a jury in 2003 of one count of premeditated attempted murder, challenges the trial court's denial of his petition to be resentenced pursuant to Penal Code section 1170.95.[1]

In January 2021, when Saravia filed his petition, section 1170.95 did not provide relief for defendants challenging their convictions for *attempted* murder. For this reason, the trial court summarily denied Saravia's petition without appointing counsel or holding a hearing. During the pendency of this appeal, however, Senate Bill No. 775 (2021-2022 Reg. Sess.) became effective, which now permits those convicted of attempted murder to petition for resentencing under section 1170.95 (Stats. 2021, ch. 551, § 2).

Nevertheless, Saravia remains ineligible for resentencing as a matter of law because the jury found him guilty of attempted murder committed with premeditation and actual malice. This theory of murder liability remains valid under amended section 1170.95. Any assumed error in the failure to appoint counsel or hold a hearing did not prejudice him.

Accordingly, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

A.  **Factual Summary from Prior Opinion**

In our prior opinion involving Saravia's direct appeal (*People v. Saravia* (Feb. 9, 2005, B171623) [nonpub. opn.]

---

[1] Subsequent undesignated statutory citations are to the Penal Code.

(*Saravia I*)), we described the facts of the case, which we now summarize.[2]

On the evening of August 14, 2000, Mirna Pena, Claudia Garcia, and Maria Plaites were sitting in a car talking to Jose Solis. Pena was Saravia's girlfriend. Solis was outside the vehicle standing on the sidewalk. Saravia entered the area as he drove by the parked car and parked nearby. After walking to use a pay phone, Saravia then left, driving his truck around the area five to seven times. Plaites witnessed Saravia stop his truck on the final time as he circled the area. Plaites then witnessed Saravia bend down and fire his weapon into the parked car. Several bullets struck Solis. Saravia then fled. (*Saravia I, supra*, B171623.)

When the police arrived, Pena and Garcia told the officers that Saravia had been driving a red truck around the area and that he had shot Solis. Plaites left before the police could interview her. The police found a red truck abandoned nearby registered to Saravia. (*Saravia I, supra*, B171623.)

The defense case included Los Angeles Police Officer Paul Lopez's interview of Solis that he conducted at the site of the shooting. Solis told the officer that he saw the passenger of a red car get out of the vehicle, remove a shotgun from the trunk, approach him with the shotgun and shoot him. After the shooting, the person got back into the car and fled. Solis did not say whether or not he knew the shooter. (*Saravia I, supra*, B171623.)

---

[2] In evaluating a section 1170.95 petition, we may rely on the record of conviction including this court's prior opinions. (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)

## B. Saravia's Conviction and Prior Appeal

On November 10, 2003, the jury found Saravia guilty of one count of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, subd. (a)). The jury also found true the allegation that he personally and intentionally discharged a firearm thereby inflicting great bodily injury (§§ 12022.53, subds. (c)-(d), 12022.7, subd. (a)).

On November 19, 2003, the court sentenced Saravia to life with the possibility of parole plus a consecutive term of 25 years to life. (*Saravia I*, *supra*, B171623.)

On February 9, 2005, we affirmed Saravia's conviction on his direct appeal. (*Saravia I*, *supra*, B171623.)

## C. Petition for Resentencing and the Trial Court's Order

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which, among other revisions to the law of murder, abolished the natural and probable consequences doctrine in cases of murder. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) The legislation also enacted section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4.)

Recently enacted Senate Bill No. 775, effective January 1, 2022, amended section 1170.95 to, among other things, permit those convicted of attempted murder to petition for resentencing under that newly-amended section.

On January 25, 2021, Saravia filed a petition for resentencing pursuant to section 1170.95. In his petition, he alleged that he had been convicted of first or second degree

murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, that he could not now be convicted of first or second degree murder because of the changes to sections 188 and 189, and requested the appointment of counsel.

On March 29, 2021, without appointment of counsel or briefing from either party, the trial court found that, because Saravia "was convicted of Penal Code section[s 187 and 664]," his "conviction is not a qualifying one that makes him eligible for relief."

Saravia timely appealed.

## DISCUSSION

To be convicted of attempted murder, a jury must find a specific intent to commit the crime as well as a direct but ineffectual act done toward its commission. (§ 29.2, subd. (a); *People v. Campos* (2007) 156 Cal.App.4th 1228, 1242.) Express malice is required for attempted murder. (*People v. Beck* (2005) 126 Cal.App.4th 518, 522.)

Senate Bill No. 1437, which became effective January 1, 2019, amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory for a person who: (1) was the actual killer; (2) though not the actual killer, acted "with the intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or (3) was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

5

Senate Bill No. 1437 also amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)  The effect of this amendment was to abolish the natural and probable consequence doctrine in cases of murder.  (*People v. Larios* (2019) 42 Cal.App.5th 956, 964, review granted Feb. 26, 2020, S259983.)

In addition to amending sections 188 and 189, the Legislature enacted section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019) which authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file a petition with the sentencing court requesting to vacate the conviction and be resentenced.  (§ 1170.95, former subd. (a).)

During the pendency of this appeal, section 1170.95 was amended by Senate Bill No. 775 and became effective January 1, 2022.  Among other changes, Senate Bill No. 775 amends section 1170.95 by "[c]larif[ying] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories."  (Stats. 2021, ch. 551, § 1, subd. (a).)[3]

We assume without deciding that the trial court should have appointed counsel and held a hearing on Saravia's petition. (§ 1170.95, subds. (b)(1)(C)(3) & (c), as amended by Stats. 2021,

---

[3] The amendment also codifies certain holdings of *People v. Lewis*, *supra*, 11 Cal.5th 952, reaffirms the burden of proof at a resentencing hearing, and addresses the evidence a court may consider at a resentencing hearing.  (Stats. 2021, ch. 551, § 1, subds. (b)-(d).)

ch. 551, § 2.) However, the record of conviction establishes beyond doubt that Saravia was neither tried nor convicted of attempted murder under a natural and probable consequences theory. To the contrary, the jury found him guilty of committing attempted murder with premeditation and deliberation.

The attempted murder instruction required the jury to find "[t]he person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."[4] On the jury's verdict form, it found true "the allegation that the aforesaid attempted murder was committed willfully, deliberately and with premeditation." The jury form explicitly found true "the allegation that in the commission and attempted commission of the above offense, the defendant, [Saravia], personally and intentionally discharged a firearm, which proximately caused great bodily injury to [Solis]."

When the jury convicted Saravia, it necessarily found he acted with deliberation and premeditation, in other words, with an intent to kill. Saravia's petition therefore fails because intent to kill is the equivalent of express malice (*People v. Saille* (1991) 54 Cal.3d 1103, 1114-1115), and express malice remains a valid theory of attempted murder liability following Senate Bill Nos. 775 and 1437. (§ 188, subd. (a)(1).) Accordingly, any assumed error did not prejudice Saravia because he is ineligible for resentencing as a matter of law. (See *People v. Lewis*, *supra*, 11 Cal.5th at pp. 973-974 [denial of statutory right to counsel in a § 1170.95 proceeding implicates state law only and is evaluated for error under *People v. Watson* (1956) 46 Cal.2d 818].)

---

[4] We take judicial notice of the jury instructions from the record filed in *Saravia I*. (Evid. Code, §§ 451, 459.)

7

## DISPOSITION

The trial court's order is affirmed.
NOT TO BE PUBLISHED

CRANDALL, J.*

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.